**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4127**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CAVARGGIO SHERNARD TURNER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (CR-04-604)

Submitted:  July 13, 2005          Decided:  August 3, 2005

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated and remanded by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Cavarggio Shernard Turner appeals his sentence of 165 months of imprisonment imposed after he pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000); one count of possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(D) (2000); and one count of using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2000). Counsel has filed an Anders[1] brief asserting that there are no meritorious issues for appeal, but questioning whether the district court erred in sentencing Turner pursuant to a mandatory guideline scheme. Turner was notified of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief. Because we conclude that Turner's sentence on Counts One and Two was enhanced based upon facts not charged in the indictment or admitted by Turner, we vacate his sentence and remand.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court applied the rationale of Blakely v. Washington, 542 U.S. 296 (2004), to the federal sentencing guidelines and held that the mandatory guidelines scheme that provided for sentence

_____

[1]Anders v. California, 386 U.S. 738 (1967).

enhancements based on facts found by the court violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. Id. at 756-57 (Breyer, J., opinion of the Court).

Subsequently, in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), this court held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury (or, in a guilty plea case, admitted by the defendant), constitutes plain error that affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. Hughes, 401 F.3d at 546-56. The court directed sentencing courts to calculate the appropriate guideline range, consider that range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004), and impose a sentence. If the district court imposes a sentence outside the guideline range, the court should state its reasons for doing so. Id. at 546.

Because Turner did not object to the sentencing range of eighty-four to 105 months of imprisonment for Counts One and Two

set forth in the presentence report and adopted by the district court, we review the district court's guideline calculation for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); Hughes, 401 F.3d at 547. Under the plain error standard, Turner must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34. Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736. (internal quotation marks omitted).

Our review of the record leads us to conclude that Turner's base offense level for Counts One and Two was properly determined and is supported by drug quantity alleged in the indictment and included in the factual basis stated at Turner's plea hearing, with which he explicitly agreed. Turner also received a two-level enhancement of his offense level for reckless endangerment during flight, pursuant to U.S. Sentencing Guidelines Manual § 3C1.2 (2003). We conclude that the imposition of this enhancement was error under the Sixth Amendment as applied in Booker, because the facts supporting this enhancement were not alleged in the indictment or admitted by Turner.[2] Because Turner

---

[2]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Turner's sentencing.

did not object to the presentence report, the district court was not required to resolve any factual disputes concerning this enhancement.   If this enhancement were removed, Turner's total offense level would be twenty-three, and his sentencing range on Counts One and Two seventy to eighty-seven months.   Because the 105-month sentence imposed as to Counts One and Two does not fall within the guideline range calculated without the two-level enhancement, Turner's sentence constitutes plain error that affects his substantial rights and requires resentencing pursuant to <u>Booker</u> and <u>Hughes</u>.

In his <u>Anders</u> brief, counsel asserts error in the application of the guidelines as a mandatory sentencing determinant, but does not specify any facts or statements by the district court that indicated that it would possibly have imposed a lesser sentence under an advisory scheme.   Because Turner's sentence was affected by a Sixth Amendment error and he will be resentenced under an advisory guideline scheme, we decline to consider counsel's argument.

As required by <u>Anders</u>, we have examined the entire record and find no other meritorious issues for appeal.   Accordingly, we affirm Turner's conviction, vacate his sentence and remand for

---

<u>See generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating that an error is 'plain' if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

resentencing in accordance with <u>Booker</u> and <u>Hughes</u>.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,<br><u>VACATED AND REMANDED</u>